UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-309-GWU

MARGARET HACKER
Natural Mother of A.J.H.,                                                            PLAINTIFF

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

### INTRODUCTION

Margaret Hacker, natural mother of A.J.H., brought this action on behalf of her daughter to obtain judicial review of an unfavorable administrative decision on the child's application for Child's Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

### LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 <u>strict</u> standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

08-309-GWU   Margaret Hacker<br>Natural Mother of A.J.H.

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. § 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924. If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI. Section 416.926a. Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning). Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that A.J.H., a 15-year-old high school student, suffered from impairments related to major depression, oppositional defiant disorder, and anxiety. (Tr. 16). Despite the child's impairments, the ALJ determined that her condition did not meet, medically equal or functionally equal the requirements of any of the Listing of Impairments sections. (Tr. 16-17). Therefore, the claimant could not be considered totally disabled. (Tr. 23).

Substantial evidence supports the ALJ's findings. No treating, examining or reviewing source of record indicated that A.J.H. met or medically equaled the requirements of one of the Listing of Impairments. The child's representative does

08-309-GWU   Margaret Hacker<br>
Natural Mother of A.J.H.

not challenge the administrative decision on these points.  Thus, the only issue concerns whether the claimant "functionally" equals a Listing.

In order to "functionally equal" the requirements of a Listing section, a claimant must prove she has a "marked" limitation of ability in two of the six broad areas of functioning known as "domains" or an "extreme" limitation of ability in one domain.  20 C.F.R. § 416.926a(d).  A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2).  An "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain or complete activities."  20 C.F.R. § 416.926a(e)(3).  The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

In the present action, the ALJ determined that A.J.H. had a "marked" limitation in the domain of interacting and relating with others.  (Tr. 20).  Her impairment was rated as "less than marked" in the domains of acquiring and using information, attending and completing tasks and health and physical well being.  (Tr. 19, 23).  The young lady was found to have no limitation in the domains of moving about and manipulating objects and self-care.  (Tr. 21-22).  The claimant only

08-309-GWU   Margaret Hacker<br>Natural Mother of A.J.H.

challenges the ALJ's findings with regard to the domains of attending and completing tasks and interacting and relating with others.

      The ALJ properly concluded that A.J.H. had a "less than marked" impairment in the domain of attending and completing tasks.  Psychologist Phil Pack assessed her ability in this area as "fair."  (Tr. 327-328).  This finding would appear to be compatible with the administrative decision.  Psychologists Thompson Prout (Tr. 232-237) and Edward Stodola (Tr. 239-245) each reviewed the record and opined that it did not reveal a "severe" mental impairment and neither indicated that there would be any impairment in attending and completing tasks.  Mrs. Maggard and Virgie Collett, teachers of the claimant at the Red Bird Mission School, completed a Teacher Questionnaire upon which each rated the young lady as having only a "slight" problem in such areas as focusing on finishing assigned activities, carrying out multi-step instructions, organizing things and school materials, completing class/homework assignments, completing work accurately without careless mistakes, working without distracting others, and working at a reasonable pace/finishing on time.  (Tr. 73).  No problem was noted in all other areas including paying attention when spoken to, sustaining attention during play/sports, refocusing on tasks when necessary, carrying out single step instructions, waiting to take turns, and changing from one activity to another without becoming disruptive.  (Id.).  The only comment made by the teachers was that "sometimes she just needs a little refocusing."  (Id.).  These reports support the ALJ's findings.

4

08-309-GWU Margaret Hacker<br>Natural Mother of A.J.H.

A.J.H. asserts that her impairment in the area of attending and completing tasks should have been found to be "marked." The claimant cites Leslie County school records from 1999 indicating that she has a communication disorder adversely affecting her ability to complete school assignments (Tr. 133-140) and from 1996 noting a poor attention span and immaturity for her age (Tr. 103), as well as a history of low grades from the Red Bird Mission School (Tr. 117-118). However, the school records cited by A.J.H. are dated well before her Child's SSI filing date of January 1, 2005. (Tr. 50). The proper inquiry in an application for SSI is whether the plaintiff was disabled on or after the date of the application. <u>Casey v. Secretary of Health and Human Services</u>, 987 F.2d 1230, 1233 (6th Cir. 1993). The young lady also cited the statements of her mother, Margaret Hacker, who was also home schooling her, indicating that she had problems paying attention and sticking with a task, noting an inability to keep busy on her own, finishing things she started, completing homework on time, and completing chores. (Tr. 69). The mother's statements were offset by those of the Red Bird teachers who also saw her during the relevant period. Therefore, substantial evidence supports the administrative decision on this issue.

The ALJ also properly concluded that A.J.H. suffered from a "marked" restriction in her ability to interact and relate with others. Pack diagnosed an oppositional defiant disorder and depressive disorder. (Tr. 327). The examiner noted that the young lady had some difficulties adjusting to the school environment.

(Id.). Pack opined that she would have a "moderate" restriction interacting with the public. (Tr. 330). The ALJ's findings were consistent with this opinion. The claimant had also been treated at the Kentucky River Community Center. (Tr. 246-321). She was repeatedly noted to be calm, cooperative and friendly by the Kentucky River staff. (Tr. 246-248, 252, 254, 256-257, 259-261, 264-265, 267). As previously noted, neither medical reviewer thought that A.J.H. suffered from a "severe" mental impairment. (Tr. 232, 240). In the Teacher Questionnaire, the teachers noted only that the young lady had a "slight" problem interpreting the meaning of facial expression, body language, hints and sarcasm. (Tr. 74). There had been no need to implement behavior modification techniques for the claimant. (Id.). School records from Red Bird Mission stated that the young lady was held back by her poor social skills but a disabling problem was not indicated and, so, this statement is consistent with the administrative decision. (Tr. 111). Hacker's mother indicated on the Function Report that the claimant had friends her own age and generally got along with adults, siblings, and school teachers. (Tr. 67). These exhibits provide substantial evidence to support the administrative decision.

    A.J.H. argues that she should have been found to have an "extreme" impairment in domain of interacting and relating with others. The young lady cites a number of extremely low Global Assessment of Functioning (GAF) ratings from Dr. William Matthew and the staff at Insights and Solutions Counseling, Inc., in support of this argument. (Tr. 145, 147, 162, 164, 166). However, these GAF

08-309-GWU Margaret Hacker<br>Natural Mother of A.J.H.

ratings were all issued during 2002, well before the relevant time period. In July of 2003, still well before the pertinent time frame, the staff at Kentucky River noted a GAF of 55. (Tr. 296). Such a GAF suggests the existence of only "moderate" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34, and is compatible with the ALJ's findings. Therefore, the court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 11th day of August, 2009.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**